**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.     CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>David Kanen</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>BBQ Holdings, Inc. d/b/a Famous Dave's of America</u>
Defendant

---

### II.     AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☒ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

### III.     TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 10/06/2023 04:37:07 PM ****

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☒ Professional malpractice
    ☒ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.** **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.** **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

 <u>7</u>

**VI.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ yes
  ☒ no

**VII.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ no
  ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☐ yes
  ☒ no

**IX.** **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
  ☐ yes
  ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Coren Harris Stern</u>    Fla. Bar # <u>644218</u>
   Attorney or party         (Bar # if attorney)

<u>Coren Harris Stern  </u>     <u>10/06/2023</u>
(type or print name)       Date

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

DAVID KANEN,

              Plaintiff,

v.

Case No.:

Division: 03

BBQ HOLDINGS, INC. d/b/a FAMOUS
DAVE'S OF AMERICA, INC.,

              Defendant.

_____/

## COMPLAINT

Plaintiff, DAVID KANEN ("Kanen" or Plaintiff), by and through undersigned counsel, files this Complaint against Defendant, BBQ HOLDINGS, INC. d/b/a FAMOUS DAVE'S OF AMERICA, INC. ("Famous Dave's" or "Defendant"), and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.       This is an action for breach of contract, conversion, negligence, fraudulent inducement, and negligent misrepresentation, in which the Plaintiff is seeking damages in excess of $50,000, exclusive of interest, costs, and attorneys' fees.

2.       This Court has personal jurisdiction over Famous Dave's under Fla. Stat. §§ 48.193 as Famous Dave's operates, conducts, engages in, and carries on a business or business venture in the State of Florida. Famous Dave's is also alleged to have committed tortious acts within the State of Florida that injured Plaintiff.

3.       Venue is proper in Broward County, Florida pursuant to §§ 47.11 and 47.051 as the causes of action accrued in Broward County, Florida, where Kanen resides and where Plaintiff suffered injury as a result of the acts alleged.

4.       Kanen is an individual and a resident of Broward County, Florida.

1

5.      Famous Dave's is a foreign for-profit corporation conducting business in Florida. Its principal address is 2017 Elk Sprig Drive, Brandon, Florida 33511. Famous Dave's operated a restaurant in the State of Florida during the relevant time period as set forth in the allegations below. During the time period at issue, Famous Dave's was a publicly held corporation trading on the NASDAQ.

## FACTS COMMON TO ALL CLAIMS

6.      In October 2018, Kanen was appointed to the board of directors of Famous Dave's. He also served for a number of years as Defendant's non-executive chairman.

7.      On February 15, 2019, Famous Dave's granted Kanen 40,000 options to purchase shares of its common stock at an exercise price equal to the closing price as of the same date. The options had a term of ten years and were to vest in equal monthly installments over the two years following the date of the grant.

8.      In connection with the granting of the options, Defendant executed and sent to Kanen a document titled "Written Action in Lieu of a Meeting of the Compensation Committee of the Board of Directors of Famous Dave's of America, Inc." (the "Written Action"). *See* Exhibit A.

9.      The Written Action specifically stated that the term of the options in question was ten years and that the options would vest in equal monthly installments over a two-year period. The Written Action made no mention of any alternative expiration dates and did not have any other documents attached. No other documents were provided to Kanen at such time regarding the grant of said options.

10.     On February 20, 2019, counsel for Famous Dave's emailed Kanen, asking him to review and authorize a form required by the United States Securities and Exchange Commission (the "SEC"), which disclosed changes in the beneficial ownership of securities. This

2

form stated (in line with the Written Action) that Kanen had been granted the option to purchase 40,000 shares of Famous Dave's Stock at an exercise price equal to the closing price as of the same date.[1]  *See* Exhibit B.  This form also specifically stated that the expiration date for the options in question was February 15, 2029, exactly ten years from the date of the Written Action.  *See id*.  The form made no mention of any alternative expiration date.  *See id*.  Relying on the representations made by Famous Dave's counsel, and on the Written Action, Kanen executed the form in question, which was filed with the SEC.

11.     In further reliance upon the Written Action, Kanen remained on the board and worked for and to the benefit of Famous Dave's until May 2, 2021, at which time he voluntarily resigned.  During such time, the options in question vested pursuant to the Written Action.

12.     On or about July 29, 2022, Kanen contacted Defendant's CEO, Jeff Crivello ("Crivello") about the options in question, with the intention of exercising them.  Crivello responded that he would get back to Kanen and made no mention of any expiration of the options. Eventually, Kanen was told that his options had expired one year from the date of his resignation pursuant to a policy that was never previously disclosed nor agreed to by him, and that Defendant would not honor them nor allow Kanen to avail himself of the benefit of the Written Action and the options.

13.     Kanen was never made aware of and did not agree to any expiration date other than the ten-year expiration date contained in the Written Action and referenced in the SEC form.  He did not sign any contract to such effect and never agreed to any such terms.  He was never sent any contract nor agreement that would serve to vary the terms of his option grant from

---

[1] This form specifically stated that the exercise price was $4.81 per share.

those expressed in the Written Action and confirmed in the SEC form drafted and filed by Famous Dave's.

14.     Kanen has demanded that Famous Dave's honor his options, which are not expired and constitute property owned by him.  Famous Dave's has failed and/or refused to do so to date.

## COUNT I – BREACH OF CONTRACT

15.     Plaintiff realleges and incorporates the allegations of Paragraphs 1 through 14 as if fully set forth herein.

16.     The Written Action constitutes a contract, pursuant to which Defendant agreed, for the ten-year time period commencing on February 15, 2019, to sell 40,000 shares of its stock to Kaneen at the agreed upon price of $4.81.

17.     Kanen agreed to the terms of the Written Action and signified his agreement by serving as a director for Defendant for the two-year time period following the option grant. Kanen also signified his agreement to the terms of the Written Action by signing the SEC form attached to this Complaint as Exhibit B.

18.     At no point was Kanen made aware of, nor did he agree to, any provision altering the expiration provision for the options in question.

19.     By failing and/or refusing to honor the terms of the Written Action, Defendant has breached the contract between the parties.

20.     Had Defendant not failed and/or refused to honor the terms of the agreement between the parties, Kanen would have exercised his options on or about August 11, 2022 and/or

4

August 17, 2022[2], earning a profit of approximately $500,000.00.  Alternatively, even if Kanen had exercised the options and continued to hold the underlying stock, Defendant was sold to MTY Food Group Inc. on or about September 28, 2022, and Kanen would have received $17.25 for each of his shares, which would have resulted in a similar profit.

21.    Accordingly, as a direct and proximate cause of Defendant's' actions, Plaintiff has sustained losses of approximately $500,000.00, not including interest and lost opportunity costs.

WHEREFORE, Plaintiff, DAVID KANEN, respectfully requests that this Court enter a final judgment against Defendant for damages, costs, pre-judgment interest, and such other and further relief as this Court deems just, equitable, and proper.

## COUNT II – CONVERSION

22.    Plaintiff realleges and incorporates the allegations of Paragraphs 1 through 14 as if fully set forth herein.

23.    On or about February 15, 2019, Defendant granted to Kanen 40,000 options to purchase its shares.

24.    An option is a derivative security and constitutes a form of property under Florida law.  Kanen became fully vested in his ownership of the options in question on or about February 15, 2021.

25.    Defendants, in refusing to honor Kanen's options and in wrongfully declaring them expired, have deprived Kanen of his property, which pursuant to the agreement between the parties, still exist in unexpired form.

---

[2] Kanen owns and operates Kanen Wealth Management LLC, an SEC-registered investment adviser.  Kanen sold substantially all of his clients' shares (including his own) in Famous Dave's stock on August 11, 022 and August 17, 2022, for prices ranging from $17.10 to $17.12 per share.

26.     But for Defendant's wrongful deprivation of Kanen's property, Kanen would have exercised his options on or about August 11, 2022 and/or August 17, 2022[3], and would have earned a profit of approximately $500,000.00.  Alternatively, even if Kanen had exercised the options and continued to hold the underlying stock, Defendant was sold to MTY Food Group Inc. on or about September 28, 2022, and Kanen would have received $17.25 for each of his shares, resulting in a similar profit.

27.     Accordingly, as a direct and proximate cause of Defendant's' actions, Plaintiff has sustained losses of approximately $500,000.00, not including interest and lost opportunity costs.

WHEREFORE, Plaintiff, DAVID KANEN, respectfully requests that this Court enter a final judgment against Defendant for damages, costs, pre-judgment interest, and such other and further relief as this Court deems just, equitable, and proper.

## COUNT III - NEGLIGENCE

28.     Plaintiff realleges and incorporates the allegations of paragraphs 1 through 14 as if fully set forth herein.

29.     The Written Action clearly states that the expiration period for the options in question is ten years.  Notwithstanding and without waiving Plaintiff's contention that no alternative expiration date applies to his options, to the extent that any other terms existed with respect to the expiration of the options in question, Defendant had a duty to put Kanen on notice of same.

---

[3] *Id.*

30.     By failing to notify Kanen of such alternative expiration date, Defendant made it impossible for Kanen to plan accordingly and possibly exercise his options on or before May 2, 2022.

31.     Upon information and belief, other recipients of option grants received clear and unequivocal recitations of all terms, including the above-referenced alternative expiration date.

32.     Kanen received no such disclosure.

33.     By failing to make said disclosure, Defendant breached its duty to Kanen.

34.     Had Defendant not breached its duty to disclose all terms to Kanen, he could have and would have exercised his options prior to May 2, 2022 and would have continued to hold Defendant's stock.

35.     But for Defendant's negligence, Kanen would have exercised his options prior to May 2, 2022 and received 40,000 shares of Defendant's common stock.  Had Kanen sold his shares on or about August 11, 2022 and/or August 17, 2022[4], he would have earned a profit of approximately $500,000.00.  Alternatively, even if Kanen had exercised the options and continued to hold the underlying stock, Defendant was sold to MTY Food Group Inc. on or about September 28, 2022, and Kanen would have received $17.25 for each of his shares, resulting in a similar profit.

36.     Accordingly, as a direct and proximate cause of Defendant's' negligence, Plaintiff has sustained losses of approximately $500,000.00, not including interest and lost opportunity costs.

---

[4] *Id.*

WHEREFORE, Plaintiff, DAVID KANEN, respectfully requests that this Court enter a final judgment against Defendant for damages, costs, pre-judgment interest, and such other and further relief as this Court deems just, equitable, and proper.

## COUNT IV – FRAUD

37.     Plaintiff realleges and incorporates the allegations of paragraphs 1 through 14 as if fully set forth herein.

38.     The Written Action clearly states that the expiration period for the options in question is ten years.  Notwithstanding and without waiving Plaintiff's contention that no alternative expiration date applies to the options in question, to the extent that any other terms existed, Defendant had a duty to put Kanen on notice of same.

39.     If such terms existed, they would have been material and important with respect to the manner in which Kanen would handle his options and when he would or would not choose to exercise same.  Defendant purposefully withheld such information from Kanen.

40.     This information was not known by nor readily discernible to Kanen.

41.     Had Defendant disclosed all terms to Kanen, including the alternative expiration date that Defendant alleged existed with respect to the options in question, Kanen would have exercised his options prior to May 2, 2022, and would have earned a profit of approximately $500,000.00.

42.     Accordingly, as a direct and proximate cause of Defendant's' actions, Plaintiff has sustained losses of approximately $500,000.00, not including interest and lost opportunity costs.

WHEREFORE, Plaintiff, DAVID KANEN, respectfully requests that this Court enter a final judgment against Defendant for damages, costs, pre-judgment interest, and such other and further relief as this Court deems just, equitable, and proper.

8

## COUNT V – NEGLIGENT MISREPRESENTATION

43.     Plaintiff realleges and incorporates the allegations of paragraphs 1 through 14 as if fully set forth herein.

44.     The Written Action clearly states that the expiration period for the options in question is ten years.  Notwithstanding and without waiving Plaintiff's contention that no alternative expiration date applies to the options in question, to the extent that any other terms existed, Defendant had a duty to put Kanen on notice of same.

45.     Despite knowing that such terms existed and would be material and important with respect to the manner in which Kanen would handle his options and when he would or would not choose to exercise same, Defendant negligently failed to provide such information to Kanen.

46.     This information was not known by nor readily discernible to Kanen.

47.     Had Defendant disclosed all terms to Kanen, including the alternative expiration date that Defendant alleged existed with respect to the options in question, Kanen would have exercised his options prior to May 2, 2022, and would have earned a profit of approximately $500,000.00.

48.     Accordingly, as a direct and proximate cause of Defendant's' actions, Plaintiff has sustained losses of approximately $500,000.00, not including interest and lost opportunity costs.

WHEREFORE, Plaintiff, DAVID KANEN, respectfully requests that this Court enter a final judgment against Defendant for damages, costs, pre-judgment interest, and such other and further relief as this Court deems just, equitable, and proper.

## COUNT VI – PROMISSORY ESTOPPEL

49.     Plaintiff realleges and incorporates the allegations of paragraphs 1 through 14 as if fully set forth herein.

50.     In granting the options in question to Kanen, and in promising that he would have ten years to exercise them at a strike price of $4.81, Defendant sought to and did induce Kanen to serve as a director for at least two years.

51.     Kanen served as a director for more than the requisite two years, fully vesting in his ownership of the options in question.

52.     At no point did Defendant notify Kanen of any possible expiration of his options, other than the ten-year time period stated in the Written Action and in the SEC form provided by Defendant to Kanen and filed by Defendant with the SEC.

53.     It would be unjust for Defendant to avoid the performance of its promise to Kanen, as Defendant should have and did reasonably foresee that its actions would induce Kanen to provide his expertise, advice, and labor for the requisite minimum two-year vesting period.

54.     Accordingly, as a direct and proximate cause of Defendant's' actions, Plaintiff has sustained losses of approximately $500,000.00, not including interest and lost opportunity costs.

WHEREFORE, Plaintiff, DAVID KANEN, respectfully requests that this Court enter a final judgment against Defendant for damages, costs, pre-judgment interest, and such other and further relief as this Court deems just, equitable, and proper.

## COUNT VII – UNJUST ENRICHMENT

55.     Plaintiff realleges and incorporates the allegations of paragraphs 1 through 14 as if fully set forth herein.

56.     Kanen provided services to Defendant by virtue of his services as a director of Defendant and in reliance upon the Written Action and the SEC form provided to and executed by him.

57.     Defendant had knowledge of such services provided by Kanen, as evidenced by the Written Action and the conveyance of the options in question.  In fact, the Written Action specifically acknowledged Kanen's service on the board of directors.  Defendant also had knowledge of the services provided by Kanen for the years following the granting of the options and the Written Action.

58.     Defendant voluntarily accepted the benefit of Kanen's services to it for the years following the granting of the options.

59.     It would be inequitable for Defendant to retain the value of Kanen's services without paying the value thereof.

WHEREFORE, Plaintiff, DAVID KANEN, respectfully requests that this Court enter a final judgment against Defendant for damages, costs, pre-judgment interest, and such other and further relief as this Court deems just, equitable, and proper.

Dated: October 6, 2023.                    **ZINOBER, DIANA & MONTEVERDE, P.A.**

                                          */s/ Coren H. Stern*
                                          Coren H. Stern, Esq.
                                          Florida Bar No.: 644218
                                          *Counsel for Plaintiff David Kanen*
                                          2400 Commercial Blvd., Suite 420
                                          Fort Lauderdale, FL 33308
                                          Phone: 954.256.9288
                                          Fax:    727.498.8902
                                          Email: Corey@zinoberdiana.com
                                                  Miguel@zinoberdiana.com
                                                  Daniela@zinoberdiana.com

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

DAVID KANEN,

              Plaintiff,

v.

BBQ HOLDINGS, INC. d/b/a FAMOUS DAVE'S OF AMERICA, INC.,

              Defendant.

_____/

Case No.

Division: 03

**<u>COMPLAINT</u>**

# EXHIBIT A

1

## WRITTEN ACTION IN LIEU OF
## A MEETING OF THE COMPENSATION COMMITTEE OF
## THE BOARD OF DIRECTORS
## OF
## FAMOUS DAVE'S OF AMERICA, INC.

Effective February 15, 2019

The undersigned, being all or a majority of the members of the Compensation Committee (the "**Committee**") of the Board of Directors (the "**Board**") of Famous Dave's of America, Inc. (the "**Corporation**"), in accordance with Section 302A.239 of the Minnesota Business Corporation Act, do hereby take and adopt the following resolutions:

**Approval of Stock Option Grant to David Kanen**

**WHEREAS**, in accordance with the Corporation's appointment of David Kanen as the chairman of the Board, the Committee has determined it to be in the best interest of the Corporation to grant options to purchase 40,000 shares of the Corporation's common stock to Mr. Kanen (the "**Option Grant**") pursuant to the Corporation's standard form of director option agreement (the "**Option Agreement**"):

**NOW, THEREFORE, BE IT**

**RESOLVED**, that the Committee approves the Option Grant effective as of the date set forth above, at an exercise price equal to the closing price of the Corporation's stock as of such effective date as reported on the NASDAQ Stock Market, a term of ten years and with vesting in equal monthly installments over two years;

**RESOLVED FURTHER**, that the officers of the Corporation, and each of them, are hereby authorized, for and on behalf of the Corporation, to execute and deliver the Option Agreement;

**RESOLVED FURTHER**, that 40,000 shares of common stock will be reserved for issuance under the Option Agreement;

**RESOLVED FURTHER**, that upon proper exercise of the Option Grant, including receipt by the Corporation of the exercise price therefor, the shares of the Corporation's common stock issued upon such exercise shall be fully paid and non-assessable; and

**RESOLVED FURTHER**, that the officers of the Corporation, and each of them, are hereby authorized, for and on behalf of the Corporation, to take such action as they, or any of them, may deem necessary or advisable to carry out the purposes of the foregoing resolutions.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned have signed this Written Action to be effective as of the date first written above.

DocuSigned by:

Peter Hang

DocuSigned by:

Richard Shapiro

DocuSigned by:

Richard Welch

DocuSigned by:

Bryan L. Wolff

GP:4826-8519-2840 v1

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

DAVID KANEN,

          Plaintiff,

v.

BBQ HOLDINGS, INC. d/b/a FAMOUS
DAVE'S OF AMERICA, INC.,

          Defendant.

_____/

Case No.

Division: 03

**COMPLAINT**

# EXHIBIT B

1

**FORM 4**

Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Estimated average burden hours per response... | 0.5 |

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

Washington, D.C. 20549

**STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP OF SECURITIES**

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934 or Section 30(h) of the Investment Company Act of 1940

1. Name and Address of Reporting Person
Kanen    David
(Last)    (First)    (Middle)
12701 Whitewater Dr Ste 190
(Street)
Minnetonka    MN    55343
(City)    (State)    (Zip)

2. Issuer Name and Ticker or Trading Symbol
Famous Dave's of America Inc. [DAVE]

3. Date of Earliest Transaction (Month/Day/Year)
02/15/2019

4. If Amendment, Date Original Filed (Month/Day/Year)

5. Relationship of Reporting Person(s) to Issuer
(Check all applicable)

___ Director    X   10% Owner
___ Officer (give title below)    ___ Other (specify below)

6. Individual or Joint/Group Filing (Check Applicable Line)
X   Form filed by One Reporting Person
___ Form filed by More than One Reporting Person

**Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned**

| 1.Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |

## Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
### (e.g., puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4, and 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Underlying Securities (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of Derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form of Derivative Security: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |
| Stock Option (Right to Buy) | $4.81 | 02/15/2019 | | A | | 40,000 | | (1) | 02/15/2029 | Common Stock | 40,000 | $ 0 | 40,000 | D | |

**Explanation of Responses:**

(1) Option vests over 24 months beginning on 3/15/2019.

/s/ David Karan          02/20/2019

**Signature of Reporting Person          Date

* If the form is filed by more than one reporting person, see Instruction 4(b)(v).
** Intentional misstatements or omissions of facts constitute Federal Criminal Violations.  See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).
Note: File three copies of this Form, one of which must be manually signed.  If space is insufficient, see Instruction 6 for procedure.
Potential persons who are to respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB number.

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

DAVID KANEN,

      Plaintiff,

                                CASE NO.:

v.

BBQ HOLDINGS, INC. d/b/a FAMOUS
DAVE'S OF AMERICA, INC.,

      Defendants,

_____/

## SUMMONS

**THE STATE OF FLORIDA:**
**TO EACH SHERIFF OF THE STATE:**

      YOU ARE COMMANDED to serve this Summons Complaint in the above-styled action
upon the Defendant:

**BBQ HOLDINGS, INC. d/b/a**
**FAMOUS DAVE'S OF AMERICA, INC.**
2017 Elk Spring Drive,
Brandon, Florida 33511

      The Defendant is hereby notified that a Complaint has been filed in the above-styled case
and Defendant is to serve written defenses to said Complaint upon Plaintiff's attorney, whose name
and address appears below, within twenty (20) days of service thereof with the Clerk of this Court.

**ZINOBER DIANA & MONTEVERDE, P.A.**
Coren H. Stern, Esq.
Florida Bar No.: 644218
2400 E. Commercial Blvd., Ste. 420
Fort Lauderdale, Fl 33308
Phone: 954-256-9288
Fax:   727-498-8902
Email: Corey@zinoberdiana.com
       Miguel@zinoberdiana.com
       Daniela@zinoberdiana.com

Dated on: _____

By: _____
As Deputy Clerk

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

DAVID KANEN,

      Plaintiff,

CASE NO.: 2023-CA-019356

v.

BBQ HOLDINGS, INC. d/b/a FAMOUS DAVE'S OF AMERICA, INC.,

      Defendants,

_____/

## SUMMONS

**THE STATE OF FLORIDA:**
**TO EACH SHERIFF OF THE STATE:**

      YOU ARE COMMANDED to serve this Summons Complaint in the above-styled action upon the Defendant:

**BBQ HOLDINGS, INC. d/b/a**
**FAMOUS DAVE'S OF AMERICA, INC.**
2017 Elk Spring Drive,
Brandon, Florida 33511

      The Defendant is hereby notified that a Complaint has been filed in the above-styled case and Defendant is to serve written defenses to said Complaint upon Plaintiff's attorney, whose name and address appears below, within twenty (20) days of service thereof with the Clerk of this Court.

OCT 19 2023

**ZINOBER DIANA & MONTEVERDE, P.A.**
Coren H. Stern, Esq.
Florida Bar No.: 644218
2400 E. Commercial Blvd., Ste. 420
Fort Lauderdale, Fl 33308
Phone: 954-256-9288
Fax:    727-498-8902
Email: Corey@zinoberdiana.com
      Miguel@zinoberdiana.com
      Daniela@zinoberdiana.com

Dated on: _____

By: _____
As Deputy Clerk

**BRENDA D. FORMAN**

Case 0:23-cv-81489-XXXX   Document 1-2   Entered on FLSD Docket 11/15/2023   Page 23 of 26

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

DAVID KANEN,

    Plaintiff,

v.

BBQ HOLDING, INC. d/b/a FAMOUS DAVE'S OF AMERICA, INC.

    Defendant.

CIVIL DIVISION

CASE NO.: 2023-CA-019356

_____/

## PLAINTIFF'S NOTICE OF FILING VERIFIED RETURN OF SERVICE

Plaintiff, DAVID KANEN, by and through its undersigned counsel, hereby gives notice of filing the attached Verified Return of Service for the Complaint served upon Defendant, BBQ HOLDING, INC. d/b/a FAMOUS DAVE'S OF AMERICA, INC., on October 26, 2023.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that, on this **31st** day of October, 2023, a complete copy of the foregoing has been served via email on all parties listed on the Florida Courts E-Filing Portal.

**ZINOBER, DIANA &MONTEVERDE, P.A.**

*/s/ Coren H. Stern*
_____
Michael A Monteverde, Esq.
Florida Bar No.: 644218
*Attorneys for Plaintiff*
2400 E. Commercial Blvd, Suite 420
Fort Lauderdale, FL 33308
Phone: 954-256-9288
Fax:   727-498-8902

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 10/31/2023 11:56:13 AM ****

Case No.: 2023-CA-019356

Email: Corey@zinoberdiana.com
Miguel@zinoberdiana.com
Daniela@zinoberdiana.com

# VERIFIED RETURN OF SERVICE

Job # 341146

**Client Info:**

ZINOBER DIANA & MONTEVERDE, P.A.
Coren H. Stem, Esq.
2400 E. COMMERCIAL BLVD., SUITE 420
FORT LAUDERDALE, FL 33308

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| DAVID KANEN | Court Division: CIVIL |
| -versus- | County of Broward, Florida |
| **DEFENDANTS:** | Court Case # **2023-CA-019356** |
| BBQ HOLDINGS, INC. d/b/a FAMOUS | |
| DAVE'S OF AMERICA, INC. | |

**Service Info:**

**Date Received: 10/20/2023** at **02:21 PM**
**Service:** I Served **BBQ HOLDINGS, INC. d/b/a FAMOUS DAVE'S OF AMERICA, INC.**
With: **SUMMONS; CIVIL COVER SHEET; COMPLAINT; EXHIBITS A & B**
by leaving with **Dave Branscomb, EMPLOYEE-AUTHORIZED TO ACCEPT**

**At Residence 2017 ELK SPRING DRIVE BRANDON, FL 33511**
Latitude: **27.903107**,   Longitude: **-82.323425**

On **10/26/2023** at **12:29 PM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

**Served Description:  (Approx)**

Age: **60**, Sex: **Male**, Race: **White-Caucasian**, Height: **6' 3"**, Weight: **210**, Hair: **Gray** Glasses:  **No**

I **Ruby Thomas** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true. FS.92.525(2).

**Ruby Thomas**
Lic # **CPS#08-752473**

**CROSS COUNTY INVESTIGATIVE SERVICES**
P.O. BOX 245715
PEMBROKE PINES, FL 33024

Client # 88073
Job # 341146




1 of 1

INITIALS: RT  ID # CPS#08-752473
DATE: 10/26/2023 TIME: 12:29 PM
MILITARY: NA
MARITAL STATUS: NA

Filing # 184329614 E-Filed 10/19/2023 11:45:32 AM

IN THE CIRCUIT COURT OF THE 17ᵗʰ
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

DAVID KANEN,

    Plaintiff,

        CASE NO.: 2023-CA-019356

v.

BBQ HOLDINGS, INC. d/b/a FAMOUS
DAVE'S OF AMERICA, INC.,

    Defendants,

_____/

## SUMMONS

**THE STATE OF FLORIDA:**
**TO EACH SHERIFF OF THE STATE:**

    YOU ARE COMMANDED to serve this Summons Complaint in the above-styled action upon the Defendant:

**BBQ HOLDINGS, INC. d/b/a**
**FAMOUS DAVE'S OF AMERICA, INC.**
2017 Elk Spring Drive,
Brandon, Florida 33511

    The Defendant is hereby notified that a Complaint has been filed in the above-styled case and Defendant is to serve written defenses to said Complaint upon Plaintiff's attorney, whose name and address appears below, within twenty (20) days of service thereof with the Clerk of this Court.

                             OCT 19 2023

**ZINOBER DIANA & MONTEVERDE, P.A.**    Dated on: _____
Coren H. Stern, Esq.
Florida Bar No.: 644218
2400 E. Commercial Blvd., Ste. 420
Fort Lauderdale, Fl 33308
Phone: 954-256-9288
Fax:   727-498-8902                    By: _____
Email: Corey@zinoberdiana.com       As Deputy Clerk
       Miguel@zinoberdiana.com
       Daniela@zinoberdiana.com

BRENDA D. FORMAN